UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND, <br>　　　　　　Plaintiffs, <br><br>vs. <br><br>RUDY V. POMPEO, INC. <br>　　　　　　Defendant, <br><br>and <br><br>LSTAR SOUTHFIELD LLC, <br>LSTAR MANAGEMENT, LLC, and <br>UNION POINT SPORTS, LLC, <br>　　　　　　Reach-and-Apply Defendants. | C.A. No. |

**VERIFIED COMPLAINT FOR DELINQUENT
FRINGE BENEFIT CONTRIBUTIONS**

**NATURE OF ACTION**

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund.  The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants.  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund.  The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund.  This Fund provides participant-directed individual accounts including a 401(k).  The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level. The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 1125 17th Street, NW Washington, DC 20036.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

10. Defendant Rudy V. Pompeo, Inc. ("Pompeo") is a Massachusetts domestic profit corporation with a principal place of business of 40 Mathewson Drive, Weymouth, MA 02189. Pompeo's resident agent for service is Ronald V. Pompeo at the same address. Pompeo is an

employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

11.     Reach-and-Apply Defendant LStar Southfield, LLC ("LStar Southfield") is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business at 516 N. West Street, Raleigh, North Carolina 27603.  Its registered agent for service is Corporation Service Company, 84 State Street, Boston, MA 02109.

12.     Reach-and-Apply Defendant LStar Management LLC ("LStar Management") is a North Carolina limited liability company with a principal place of business at 1400 Sunday Drive, Suite 101, Raleigh, North Carolina 27607.  Its registered agent for service is Steven J. Vining at the same address.

13.     Reach-and-Apply Defendant Union Point Sports, LLC ("Union Point") is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business at 516 N. West Main Street, Raleigh, North Carolina 27603.  Its registered agent for service is Corporation Service Company, 84 State Street, Boston, MA 02109.

**GENERAL ALLEGATIONS OF FACT**

14.     On or about June 14, 1999, Pompeo agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A copy of Pompeo's signed agreement ("Short Form Agreement") is attached hereto as Exhibit A.

15.     Because of the Short Form Agreement, Pompeo is a party to a collective bargaining agreement with the International Union of Operating Engineers Local 4, the most

4

recent version of which is effective from June 1, 2018 through May 31, 2022 ("the CBA"). A copy of the CBA is attached hereto as Exhibit B.

16.     The CBA requires Pompeo to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA and to pay interest on late payments at the rate of one (1%) percent per month.

17.     Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues.  If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC").

18.     Pompeo is also signatory to an agreement with the Union with regard to work performed by covered shop employees engaged in the delivery, fabrication, repair, and maintenance of trucks and equipment ("Shop Agreement").  A true and accurate copy of the Shop Agreement is attached hereto as Exhibit C.

19.     The Shop Agreement requires Pompeo to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Shop Agreement and to pay interest on late payments at the rate of one (1%) percent per month.  Pursuant to the Shop Agreement, Pompeo is also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues.  If employees so elect, Pompeo is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC").

20.     Pompeo has, upon information and belief, performed work under the CBA and Shop Agreement but has failed to remit certain contributions, dues and SAC deductions, and interest due for the work months of February, March, and April 2019.  The amount owed for

these months is as-yet unliquidated because Pompeo has failed to provide remittance reports delineating the hours worked by its covered employees for those months.

21. The contributions for these months remain outstanding to date despite numerous demand letters from the Funds and numerous email and telephone correspondences between Funds' counsel and Pompeo's president.

22. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-22 supra.

24. The failure of Defendant to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

25. Absent an order from this Court, the Defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

26. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-25 supra.

27. The failure of Defendant to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

28.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-27 supra.

29.     The failure of Defendant to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT IV – REACH AND APPLY AGAINST LSTAR SOUTHFIELD

30.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-29 supra.

31.     Upon information and belief, Pompeo contracted to work for LStar Southfield on a project known as Union Point in Weymouth, Massachusetts, for which monies have come or will come due from LStar Southfield to Pompeo.

32.     There is no known insurance available to satisfy the judgment the Plaintiffs will obtain against Pompeo.

33.     Any monies being held, or to be held, by LStar Southfield cannot be attached or taken on execution except pursuant to M.G.L. c. 241, §3(6).

### COUNT V – REACH AND APPLY AGAINST LSTAR MANAGEMENT

34.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-33 supra.

35.     Upon information and belief, Pompeo contracted to work for LStar Management on a project known as Union Point in Weymouth, Massachusetts, for which monies have come or will come due from LStar Management to Pompeo.

36.     There is no known insurance available to satisfy the judgment the Plaintiffs will obtain against Pompeo.

37.     Any monies being held, or to be held, by LStar Management cannot be attached or taken on execution except pursuant to M.G.L. c. 241, §3(6).

## COUNT VI – REACH AND APPLY AGAINST UNION POINT

38.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-37 supra.

39.     Upon information and belief, Pompeo contracted to work for Union Point on a project known as Union Point in Weymouth, Massachusetts, for which monies have come or will come due from Union Point to Pompeo.

40.     There is no known insurance available to satisfy the judgment the Plaintiffs will obtain against Pompeo.

41.     Any monies being held, or to be held, by Union Point cannot be attached or taken on execution except pursuant to M.G.L. c. 241, §3(6).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.      Order the attachment of the machinery, inventory, and accounts receivable of the Defendant;

b.      Order the attachment of real estate standing in the name of the Defendant;

c.      Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions or pay interest to Plaintiff Funds;

d.      Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit dues and SAC contributions;

  e. Enter judgment in favor of the Plaintiff Funds in an as-yet unliquidated amount for the months of February, March, and April 2019, together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action;

  f. On Counts IV, V, and VI, issue a preliminary injunction restraining and enjoining LStar Southfield, LStar Management, Union Point, and/or any of their agents (the "Reach-and-Apply Defendants") from assigning, removing, selling, concealing, conveying, encumbering, destroying, converting, alienating, transferring, paying, or disposing of any funds, monies, or things of value owed to Pompeo up to the amount owed the Funds;

  g. After judgment has been entered, issue an order that the Plaintiff Funds be permitted to reach and apply all funds, monies, or things of value of Pompeo held by the Reach-and-Apply Defendants in satisfaction of the judgment entered by this Court in the Plaintiff Funds' favor; and

  h. Such further and other relief as this Court deems appropriate.

        Respectfully submitted,

        GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

        By their attorney,

        /s/Gregory A. Geiman_____
        Gregory A. Geiman, Esq.
        BBO #655207

I.U.O.E. Local 4 Trust Funds  
16 Trotter Drive  
Medway, MA  02053  
(508) 533-1400 x140  
ggeiman@local4funds.org

Dated:  May 31, 2019

**VERIFICATION**

    I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF MAY, 2019.

                                              /s/Gina M. Alongi_____  
                                              Gina M. Alongi